WO                                                                                                                         MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy M. Meyer, | No. CV 21-01209-PHX-MTL (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| CoreCivic, | |
| Defendant. | |

On June 18, 2021, Plaintiff Jeremy M. Meyer, who is confined in CoreCivic's Saguaro Correctional Center in Eloy, Arizona, filed a Complaint against Defendant CoreCivic in the Central Pinal Justice Court. On July 12, 2021, Defendant CoreCivic filed a Notice of Removal and removed the case to this Court. On July 13, 2021, Defendant filed a "Motion to Screen Complaint Pursuant to 28 U.S.C. §§ 1915A and 1915(E)(2) and Motion to Stay." In a July 19, 2021 Order, the Court concluded this action was timely and properly removed, dismissed the Complaint for failure to comply with Local Rule of Civil Procedure 3.4, gave Plaintiff thirty days to file an amended complaint on a court-approved form, and denied as moot Defendant's Motion.

On August 16, 2021, Plaintiff filed a First Amended Complaint (Doc. 10) and a Request for Evidence (Doc. 11). The Court will call for an answer to the First Amended Complaint and will deny without prejudice the Request for Evidence.

. . . .

. . . .

TERMPSREF

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

**II.     First Amended Complaint**

In his one-count First Amended Complaint, Plaintiff raises an Eighth Amendment deliberate indifference claim against Defendant CoreCivic and seeks "restitution" and injunctive relief.  Plaintiff alleges that on December 18, 2020, he awoke with severe abdominal pain and, at 2:30 a.m., requested emergency medical services for the worsening pain.  He asserts that the staff, "under the direction of the Defendant's policy," "did not declare a medical code to get medical attention for Plaintiff and told Plaintiff to wait and go to the medical department at 6:00 a.m., when the inmates went to breakfast.

Plaintiff contends the pain worsened until he was unable to walk without assistance or sit or stand without extreme cramps and nausea.  He asserts that when the cell doors opened at 4:00 a.m. for dayroom access, he again asked the staff for medical assistance, but he was ignored.  Plaintiff alleges he waited in the fetal position, trying to get relief from his nausea, until 6:00 a.m., when the doors were opened for inmates to go to breakfast.

Plaintiff contends another inmate had to assist him to the medical department.  He asserts that en route to the medical department, he passed an attending nurse who "failed to call for medical assistance in accordance with the Defendant's policy."  Plaintiff claims that when he was in the medical department, he lay on a bench in the waiting area to "get relief," but the staff told him he would be denied medical care if he did not sit up.  Plaintiff asserts he was finally allowed to go to the hospital at 11:00 a.m.  Plaintiff alleges Defendant CoreCivic's policies cause him prolonged pain and suffering from 2:30 to 11:00 a.m.

Plaintiff also alleged he requested a "genetic test for P[or]phyria to allow for better treatment options and medications," but his request was denied "without a reason given."

**III.    Discussion**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Liberally construed, Plaintiff has stated a deliberate indifference claim against Defendant CoreCivic regarding the delay in treatment from 2:30 to 11:00 a.m. The Court will require Defendant CoreCivic to answer this portion of the First Amended Complaint.

Plaintiff's allegation that his request for a genetic test was denied "without a reason given," is too vague and conclusory to state a claim against Defendant CoreCivic. Thus, the Court will dismiss this portion of the First Amended Complaint.

**IV.   Request for Evidence**

Plaintiff requests the Court order Defendant CoreCivic, pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, to produce various video and audio recordings. The Court will deny as premature Plaintiff's Request for Evidence. The Court will issue a scheduling order setting discovery deadlines *after* Defendant has answered.

**V.   Warnings**

    **A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

. . . .

### B. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendant must answer the First Amended Complaint (Doc. 10) or otherwise respond by appropriate motion within 30 days of the filing of this Order.

(2) Plaintiff's Request for Evidence (Doc. 11) is **denied without prejudice**.

(3) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 16th day of September, 2021.

Michael T. Liburdi
United States District Judge