**WO**   JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Michael Meyer,<br><br>    Plaintiff,<br><br>v.<br><br>Core Civic,<br><br>    Defendant. | No. CV 21-01209-PHX-MTL (DMF)<br><br>**ORDER** |

Plaintiff Jeremy Michael Meyer, who is currently confined in the Saguaro Correctional Center in Eloy, Arizona, brought this pro se civil rights action under 42 U.S.C. § 1983 against Core Civic. (Doc. 10.)[1] Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 29.)[2] The Court will deny Plaintiff's Motion.

**I.**

In his First Amended Complaint, Plaintiff asserted an Eighth Amendment medical care claim against Defendant. (Doc. 10.) Plaintiff alleged that on December 18, 2020, he

---

[1] Plaintiff initiated this action in state court, and Defendant removed the action to federal court. (Doc. 1, Central Pinal Justice Court No. CV2021-0657.)

[2] Also before the Court are Plaintiff's Motion to Amend Complaint (Doc. 34) and Motion to Compel the Release of Evidence (Doc. 35). These Motions will be addressed separately by the Magistrate Judge.

awoke at 2:30 a.m. with severe abdominal pain and requested emergency medical services for worsening pain; however, pursuant to Defendant's policy, staff refused to provide emergency medical attention and told Plaintiff to wait until breakfast was served at 6:00 a.m. (*Id.*) Plaintiff alleged that his pain intensified, he suffered extreme cramping and nausea, and he became unable to walk without assistance, yet staff ignored his requests for medical assistance. (*Id.*) Plaintiff further alleged that even after another prisoner assisted him to medical at 6:00 a.m., he was denied prompt medical attention, and he was not taken to the hospital for emergency medical treatment until 11:00 a.m. (*Id.*) On screening, the Court determined that Plaintiff sufficiently alleged a deliberate indifference claim against Defendant for the delay in treatment from 2:30 to 11:00 a.m. (Doc. 12 at 4.)

On February 28, 2022, Plaintiff filed his Motion for Temporary Restraining Order and Preliminary Injunction, in which he alleges that various CoreCivic staff members are retaliating against him in response to this lawsuit and intimidating him and other prisoners who have offered witness testimony in support of Plaintiff. (Doc. 29.) Plaintiff makes the following allegations:

- On January 25, 2022, Chief Gawlik issued Plaintiff a Disciplinary Order Report (DOR) that was based on a false assumption and resulted in Plaintiff being denied communication with family, and Gawlik denied Plaintiff access to his Jpay account. (*Id.* at 2–3.) Plaintiff states that Gawlik also issued a falsified DOR to one of Plaintiff's prisoner witnesses after the witness signed a witness statement on behalf of Plaintiff, and this DOR sent the witness to disciplinary segregation. (*Id.*)

- On January 28, 2022, Case Manager Narvaez issued a DOR against another of Plaintiff's witnesses purportedly for possession of unauthorized property; however, this witness had possessed the subject property for two years, during which time there were numerous searches without incident. (*Id.* at 4.) Plaintiff states that the DOR resulted in the witness being placed in closed custody and confiscation and loss of the witness's legal papers. (*Id.* at 4–6.)

- In the February 2022 disciplinary hearings for these DORs, Disciplinary Hearing Officer Morrow failed to follow policy regarding "stacking" of disciplinary offenses and issued harsher sanctions than were warranted. (*Id.* at 6–7.)
- On February 2, 2022, Regional Director Todd Thomas made specific threats to Plaintiff and referenced this lawsuit. (*Id.* at 1–2.)
- On February 5, 2022, Associate Warden Powell was informed of the falsified DOR against Plaintiff's witness and that the witness was improperly placed in closed custody, yet Powell took no action to investigate staff misconduct, thereby allowing for retaliation against Plaintiff's witnesses. (*Id.* at 7–8.)
- On February 9, 2022, IDOC (Idaho Department of Corrections) Contract Monitor Monty Hansen was informed that one witness was wrongfully moved to closed custody for a DOR, yet Hansen failed to take any action to move the witness out of closed custody, thereby condoning the retaliatory action. (*Id.* at 7.)
- Plaintiff's witness appealed his disciplinary action to Warden Wead; however, Wead failed to take any action to investigate the matter and did not even respond to the witness's appeal, thereby allowing retaliatory staff misconduct. (*Id.* at 8.)

Plaintiff requests an injunction to prevent these staff members from intimidating and retaliating against Plaintiff and his witnesses. (*Id.* at 2–8.)

Defendant opposes Plaintiff's Motion on the grounds that (1) Plaintiff's retaliation claims are unrelated to the deliberate indifference claim raised in the First Amended Complaint, (2) the Court does not have personal jurisdiction over the named non-defendant staff members, (3) none of the named staff members were aware of Plaintiff's lawsuit at the time of the alleged misconduct, and (4) Plaintiff does not meet the *Winter* elements necessary to warrant preliminary injunctive relief. (Doc. 33.) Defendant also addresses Plaintiff's specific allegations against the individual staff members and argues that the DORs issued, and the resulting sanctions, were warranted and permitted under prison policy and that staff members did not attempt to intimidate Plaintiff. (*Id.* at 3–6.)

In his Reply, Plaintiff argues that specific paragraphs within the declarations submitted by Defendant are false and constitute perjury by the declarants. (Doc. 36.)

**II.**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners" and must not "allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, injunctive relief must be narrowly drawn and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**III.**

In this instance, the Court is unable to entertain Plaintiff's request for injunctive

relief. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 633 (9th Cir. 2015). A court should not grant an injunction "when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

In *Pacific Radiation*, the Ninth Circuit adopted the rule applied in *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994). 810 F.3d at 636. In *Devose*, the prisoner brought an Eighth Amendment claim against prison officials alleging that they denied him adequate medical treatment for injuries he received in a van accident while being transported between prison units. 42 F.3d at 471. The prisoner then moved for injunctive relief claiming that prison officials retaliated against him for bringing his lawsuit. *Id.* The Eighth Circuit held that the prisoner's preliminary injunction motion "is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit." *Id.* The Court noted that, although the new assertions might support additional claims against the same prison officials, those assertions could not provide a basis for a preliminary injunction in the existing lawsuit. *Id.* Accordingly, the Court affirmed the denial of the prisoner's request for injunctive relief. *Id.*

Here, Plaintiff presents the same scenario as that in *Devose*. He brought an Eighth Amendment medical care claim alleging the denial of adequate medical treatment, and now he moves for injunctive relief claiming that prison officials are intimidating him and his witnesses and retaliating against him for bringing this lawsuit. The injury alleged in Plaintiff's Motion for injunctive relief is unrelated to the conduct asserted and the relief sought in his First Amended Complaint. For this reason, the Court lacks authority to grant the relief requested, and Plaintiff's Motion will be denied. *See Pacific Radiation*, 810 F.3d at 636.

To the extent Plaintiff asserts a First Amendment retaliation claim, he must either amend his pleading to add a claim or raise the claim in a new, separate lawsuit. Indeed, on March 28, 2022, Plaintiff filed a Motion to Amend seeking to add claims related to alleged retaliation. (Doc. 34.) Once the Motion to Amend is fully briefed, the Magistrate Judge will address it. If the Motion to Amend is granted as to a First Amendment retaliation claim, Plaintiff may renew his request for injunctive relief.

**IV.**

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 29), and the Motion is **denied without prejudice**.

Dated this 22nd day of April, 2022.

Michael T. Liburdi
United States District Judge